

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 19, 1960

Mr. Jack N. Fant
County Attorney
El Paso County
El Paso, Texas

Opinion No. WW-937

Re: Whether an independent
school district may contract
for collection of its delin-
quent taxes without first
instructing the County
Attorney to file suit for
such taxes, under authority
of Acts 1955, 54th Leg.,
ch. 310 (codified as Vernon's
Ann.Civ.St., Art. 2802-1).

Dear Mr. Fant:

You ask the opinion of this office on two questions:

(1)  If Canutillo Independent School District
of El Paso County, Texas, organized under
the General Laws, may contract with a
resident attorney of that county to file
suits for delinquent taxes due the
district, under authority of Acts 1955,
54th Leg., ch. 310, p. 843, H. B. 476
(codified as Vernon's Annotated Civil
Statutes, Article 2802-1), without
having theretofore instructed the
County Attorney of the county to file
such suits as provided in Article
7343, Revised Civil Statutes, 1925;

(2)  The type of waiver which should be had from
the County Attorney upon his refusal to
file such suits in the event the law
requires the school district first to
instruct him to file such suits and he
declines to do so.

House Bill 476, Acts 1955, hereinabove mentioned,
reads as follows:

"An Act allowing independent school
districts to enter into contracts with
any attorney of this State for the
collection of delinquent taxes; pro-
viding for his compensation; making

this Act cumulative of all other laws;
and declaring an emergency.

"Be it enacted by the Legislature of the
State of Texas:

"Section 1.  Any independent school district
of this State may contract with any compe-
tent attorney of this State for the collection
of delinquent taxes of such independent
school district, and he shall receive for
his services not to exceed the same amount
as allowed attorneys collecting delinquent
taxes for the State and county.

"Sec. 2  This Act shall be cumulative of
other laws and shall be construed to
provide an additional method for employment
of attorneys by independent school districts
for the collection of delinquent taxes.

"Sec. 3  The fact that the laws of this
State do not provide an adequate method
for collection of delinquent taxes by
independent school districts creates an
emergency and an imperative public
necessity that the Constitutional Rule
requiring bills to be read on three
several days in each House be suspended,
and this Rule is hereby suspended, and
that this Act take effect and be in force
from and after its passage, and it is so
enacted."  (Underscoring added.)

Article 7343, R.C.S., 1925, reads as follows:

"In any incorporated city or town in
which any tracts, lots, outlots or
blocks of land, situated within the
corporate limits of said city or town
have been returned delinquent, or re-
ported sold to said city or town for
the taxes due thereon, the governing
body may prepare or cause to be pre-
pared lists of delinquents in the
same manner as provided in this
chapter, and such lists shall be
certified to as correct by the mayor
of said city or town, if any, and

if said city or town has no mayor,
by the presiding officer of the
governing body. After said lists
have been properly certified to, the
governing body of the city may cause
lists of delinquents to be published
in a newspaper as provided for State
and county delinquent taxes in this
law. When twenty days from the date
of last publication of said list or
lists of delinquents has elapsed,
the governing body of the city or
town may direct the city attorney to
file suits for collection of said
taxes, or said governing body may
employ some other attorney of the
county to file suits and the city
attorney or other attorney filing
said suits shall be entitled to the
same fees as allowed the county
attorney or district attorney in
suits for collection of State and
county taxes, to be taxed as costs
in the suit. Independent school
districts may collect their delinquent
taxes as above provided for cities and
towns, the school board performing
the duties above described for the
governing body of cities, and the
president of the school board
performing the duties above prescribed
for the mayor or other presiding
officer. The school board may, when
the delinquent tax lists and records
are properly prepared and ready for
suits to be filed, instruct the county
attorney to file said suits. If the
school board instructs the county
attorney to file said suits and he
fails or refuses to do so within sixty
days the school board may employ some
other attorney of the county to file
suit. The county attorney, or other
attorney, filing tax suits for inde-
pendent school districts, shall be
entitled to the same fees as provided
by law in suits for State and county
taxes. No other county officer shall
receive any fees unless services are
actually performed, and in that event

he shall only receive such fees as are
now allowed him by law for similar
services in civil suits. The employ-
ment of an attorney to file suit for
taxes for cities, towns or independent
school districts shall authorize said
attorney to file said suits, swear to
the petitions and perform such other
acts as are necessary in the collection
of said taxes.

"All laws of this State for the purpose
of collecting delinquent State and county
taxes are by this law made available
for, and when invoked shall be applied
to, the collection of delinquent taxes
of cities and towns and independent
school districts in so far as such laws
are applicable."

It is our opinion that Canutillo Independent School
District may, under authority of Acts 1955, ch. 310, herein-
above set forth, contract with any competent attorney of this
State for the collection of its delinquent taxes without first
having instructed the County Attorney of El Paso County to
file such suits.

We believe that the above Act of 1955 clearly evidences
the intent of the Legislature to provide an additional,
cumulative and complete method for employment of attorneys for
collection of these taxes and that the Act accomplishes that
purpose. The school district is free to choose whether it
shall proceed under Article 7343 or under Article 2802-1.

"A cumulative remedy is a remedy created
by statute in addition to one which still
remains in force; and when a statute gives
a new remedy, and contains no negative,
express or implied, of the old remedy, the
new one provided is cumulative, and the
party may elect between the two." Bowles
v. Neeley, 28 Okla. 556, 115 Pac. 344, 346
(Okla.Sup. 1911). See also Vol. 10, Words
and Phrases, Perm.Ed., "Cumulative Remedy",
p. 662.

Of course, prior contract rights, if any, of the regular
collector of the school district under Articles 2791 and 2792,
R.C.S., must be respected in any contract with an attorney, whether
the school district proceeds under Article 7343 or Article 2802-1.

Should the school district elect to contract under Article 2802-1 then under the clear provisions of that Article it may contract with any competent attorney of its choice without first calling upon the County Attorney to represent it.  For the same reason, and in this event, the County Attorney is released from his duty and right under Article 7343 to represent the district in such collections and no waiver or release from him is necessary.

What we have said obviates the necessity of our answering your second question.

### S U M M A R Y

An independent school district may elect to proceed under either Art. 2802-1, V.C.S., or Art. 7343, R.C.S., for collection of its delinquent taxes.

Under Art. 2802-1 there is no requirement to first instruct the County Attorney to file suits nor to secure from him a waiver or release before contracting with any competent attorney of Texas of the school district's choice for collection of its taxes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By W. J. Allen

W. E. Allen
Assistant

WEA:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Bob Shannon
Tom Burrus
Tim Timmins
W. Ray Scruggs

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore